862 F.2d 320
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Joseph W. BURRELL, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 88-3159.
 United States Court of Appeals, Federal Circuit.
 Oct. 4, 1988.
 
 Before FRIEDMAN, PAULINE NEWMAN and ARCHER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (Board) in Docket No. DC08318710257, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) denying the petitioner "law enforcement officer" credit for retirement purposes, is affirmed.
 
 OPINION
 
 2
 * The petitioner served with the Federal Bureau of Prisons from September 1959 through December 1985, when he retired. His entire service was at the Bureau's central headquarters, Washington, D.C. As the Board described that service, the petitioner was "in personnel management and employee development types of positions." When he retired, petitioner was a Supervisory Employee Development Specialist and Chief of the Manpower Division.
 
 
 3
 Upon his retirement, the petitioner sought the enhanced benefits to which a "law enforcement officer" is entitled under 5 U.S.C. Sec. 8336(c)(1). The statutory definition of law enforcement officer is
 
 
 4
 an employee, the duties of whose position are primarily the investigation, apprehension, or detention of individuals suspected or convicted of offenses against the criminal laws of the United States, including an employee engaged in this activity who is transferred to a supervisory or administrative position. For the purpose of this paragraph, "detention" includes the duties of--
 
 
 5
 (A) employees of the Bureau of Prisons and Federal Prison Industries, Incorporated;
 
 
 6
 * * *
 
 
 7
 * * *
 
 
 8
 whose duties in connection with individuals in detention ... require frequent (as determined by the appropriate administrative authority with the concurrence of the Office [of Personnel Management] direct contact with these individuals in their detention, direction, supervision, inspection, training, employment, care, transportation, or rehabilitation[.]
 
 
 9
 5 U.S.C. Sec. 8331(20).
 
 
 10
 In support of his application, the petitioner submitted (1) a statement from his Position Description that "the incumbent in this position is frequently in various penal institutions" and "is in frequent contact with [incarcerated] criminal offenders"; (2) a statement from the former Bureau of Prisons personnel officer that the purpose of that statement in the Position Description was to establish that the law enforcement retirement provisions covered the incumbent; and (3) personnel action forms stating that the petitioner was covered by the law enforcement retirement provision, on the basis of which the higher retirement deduction covering law enforcement officers was made from his salary. The Bureau of Prisons, however, disagreed with the petitioner's view that he was entitled to law-enforcement-officer retirement. The Bureau recommended that OPM deny his application.
 
 
 11
 OPM denied the petitioner law-enforcement-officer retirement. OPM, according to the Board, "noted that it was the established policy" of the Bureau of Prisons that "central office employees, like the appellant, could meet the definition of 'law enforcement officer' if they satisfied one of two criteria[:] ... that the employee first work in a correctional facility in order to establish basic coverage under 5 U.S.C. Sec. 8336(c). Once such eligibility is established, it is retained when the employee is transferred to an administrative position in the central office. The second criterion for eligibility requires a showing that the duties of the position require frequent direct contact with detainees." The Board then described the administrative judge's decision as follows:
 
 
 12
 She found that the appellant's personnel action forms did not, per se, establish eligibility for "law enforcement officer" credit. She also found that the determinations of eligibility of other employees were generally irrelevant to the appellant's case because the statutory provisions must be applied to each case. Finally, she found that the service of the other employees was not analogous to the appellant's.
 
 
 13
 The administrative judge also stated that "[i]f an employee is determined not to be entitled to law enforcement credit, he may obtain a refund of any extra deductions. 5 C.F.R. Sec. 831.905."
 
 
 14
 The Board upheld the administrative judge's decision and also "address[ed] a material contention raised by the appellant below that was not considered by the administrative judge."
 
 
 15
 The petitioner submitted a notarized statement to the administrative judge that he "traveled an average of 10 to 15 times a year to prisons for 26 years. Each of these visits lasted from one to three weeks." The Board held that this statement was not sufficient to establish that the petitioner was a law enforcement officer. It pointed out that the petitioner had offered "no corroboration for his statement," and that in any event
 
 
 16
 he has failed to establish that his travel to the prisons put him in contact with detainees. We note that the appellant served in an administrative and supervisory capacity in a position charged with the personnel training policies of FBP employees rather than its inmates. Unlike the employee in Obremski [an employee whom the court of appeals held was a law enforcement officer and who, according to petitioner performed the same functions that he did], the appellant does not assert that the travel to the prisons involved any contact with detainees.
 
 
 17
 In his brief to us, the petitioner states, and in effect asks us to take judicial notice that "[a]nyone who goes inside a prison to work there is in continuous, direct contact with inmates.... The simple fact is I could not have avoided frequent, direct contact with them if I had tried."
 
 II
 
 18
 A. Since the petitioner never worked in a correctional facility, he could qualify for law-enforcement-officer retirement only if his duties at the Bureau of Prisons headquarters required "frequent ... direct contact" with prisoners. The sole question before us is whether there is substantial evidence to support the Board's finding that the petitioner had not shown that his work required such contact. We hold that there is.
 
 
 19
 The Board justifiably concluded that the material the petitioner submitted was insufficient to show such contact. The language in the position description is not dispositive. See Ellis v. United States, 610 F.2d 760, 764-65 (Cl.Ct.1979) (involving the analogous provision for "firefighters"). Moreover, the former personnel director of the Bureau of Prisons stated that the language in the position description upon which the petitioner relies was routinely included to establish that employees might be covered by the law-enforcement-officer retirement provisions. Personnel forms stating that those provisions covered the incumbent, and the higher law-enforcement-officer retirement deductions made from the petitioner's salary, do not conclusively establish that the petitioner was a law enforcement officer.
 
 
 20
 Although in the Board proceedings the petitioner filed a statement that he traveled to and visited prisons 10 to 15 times a year for 26 years, the Board properly noted that the petitioner had not stated that those prison visits "put him in contact with prisoners." The petitioner's statement to us that his work involved frequent direct contact with prisoners comes too late. The petitioner did not submit evidence before either the Board or OPM that his work required "frequent ... direct contact" with prisoners. This is not a fact of which we may take judicial notice.
 
 
 21
 B. The petitioner contends that he had the same contacts with prisoners as the employee in Obremski v. Office of Personnel Management, 699 F.2d 1263 (D.C.Cir.1983), where the court reversed OPM's denial of law-enforcement-officer status. As the Board correctly pointed out, however, the factual situation in Obremski differed from that in the present case in several respects.
 
 
 22
 The vacancy announcement of Obremski's position described the job as a "law enforcement officer" position. A supervisory official of Federal Prison Industries, Inc., where Obremski worked, had specifically certified that Obremski had frequent direct contact with prisoners. Federal Prison Industries had determined that Obremski was a law enforcement officer, and OPM had rejected that determination. The court stated that "the determination of the employing agency [should] be given a fair degree of deference by the OPM, since that agency and its officials are likely to be the most familiar with the nature of a particular employee's job." Id. 1272. In the present case, in contrast, the employing agency had determined that the petitioner was not a law enforcement officer, and OPM concurred in that ruling. Obremski does not support the petitioner's contention that he was a law enforcement officer.